**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────────

**No. 11-1684**

───────────────

WORKINEH GETACHEW AYELE,

Petitioner,

v.

ERIC H. HOLDER, JR., Attorney General,

Respondent.

───────────────

On Petition for Review of an Order of the Board of Immigration Appeals.

───────────────

Submitted: February 16, 2012          Decided: February 29, 2012

───────────────

Before WILKINSON and NIEMEYER, Circuit Judges, and HAMILTON, Senior Circuit Judge.

───────────────

Petition denied by unpublished per curiam opinion.

───────────────

Alan M. Parra, LAW OFFICES OF ALAN M. PARRA, Silver Spring, Maryland, for Petitioner. Tony West, Assistant Attorney General, Melissa Neiman-Kelting, Senior Litigation Counsel, Sara J. Bergene, Office of Immigration Litigation, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

───────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Workineh Getachew Ayele, a native and citizen of Ethiopia, petitions for review of an order of the Board of Immigration Appeals ("Board") dismissing his appeal from the immigration judge's order denying his applications for asylum, withholding of removal and withholding under the Convention Against Torture ("CAT"). Ayele claims that the adverse credibility finding is not supported by substantial evidence, the Board and the immigration judge failed to consider the entire record and his stateside political activities established a well-founded fear of persecution. We deny the petition for review.

We recently summarized the law regarding this Court's review of a Board's final order in Djadjou v. Holder, 662 F.3d 265, 272-74 (4th Cir. 2011). As we noted in Djadjou, an alien has the burden of showing he is eligible for relief. In order to show eligibility for asylum, he must show that he was subjected to past persecution or has a well-founded fear of persecution on account of a protected ground such as political opinion. See 8 C.F.R. § 208.13(b)(1) (2011). If the applicant establishes past persecution, he has the benefit of a rebuttable presumption of a well-founded fear of persecution. In order to be eligible for withholding from removal, an alien must show a

2

clear probability of persecution on account of a protected ground.

This Court will uphold the Board's decision unless it is manifestly contrary to the law and an abuse of discretion. The standard of review of the agency's findings is narrow and deferential. Factual findings are affirmed if supported by substantial evidence. Substantial evidence exists to support a finding unless the evidence was such that any reasonable adjudicator would have been compelled to conclude to the contrary. Therefore, we review an adverse credibility determination for substantial evidence and give broad deference to the Board's credibility determination. The Board and the immigration judge must provide specific, cogent reasons for making an adverse credibility determination. We recognize that omissions, inconsistent statements, contradictory evidence, and inherently improbable testimony are appropriate reasons for making an adverse credibility determination. The existence of only a few such inconsistencies, omissions, or contradictions can be sufficient for the Board to make an adverse credibility determination as to the alien's entire testimony regarding past persecution. An inconsistency can serve as a basis for an adverse credibility determination even if it does not go to the heart of the alien's claim. 8 U.S.C. § 1158(b)(1)(B)(iii)

3

(2006); see also Djadjou, 662 F.3d at 272-74 (case citations omitted). An adverse credibility finding can support a conclusion that the alien did not establish past persecution. See Dankam v. Gonzales, 495 F.3d 113, 121-23 (4th Cir. 2007); see also Chen v. Attorney Gen., 463 F.3d 1228, 1231 (11th Cir. 2006) (denial of asylum relief can be based solely upon an adverse credibility finding).

We conclude that substantial evidence supports the adverse credibility finding. The immigration judge and the Board listed specific and cogent reasons for making the finding. It was not an abuse of discretion for the immigration judge and the Board to find that Ayele's numerous omissions were related directly to his claim for relief. We further conclude that the immigration judge considered the entire record and substantial evidence supports the finding that Ayele's independent evidence falls short of overcoming the adverse credibility finding. We also conclude that substantial evidence supports the finding that Ayele failed to show that he had a well-founded fear of persecution based on his political activities in the United States.[*]

---

[*] Ayele has abandoned any challenge to the denial of relief under the CAT by failing to raise it in his brief. Accordingly, this Court need not review the issue. See Ngarurih v. Ashcroft, 371 F.3d 182, 189 n.7 (4th Cir. 2004) (finding that the failure
(Continued)

4

We deny the petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.

PETITION DENIED

---

to raise a challenge in an opening brief results in abandonment of that challenge); Edwards v. City of Goldsboro, 178 F.3d 231, 241 n.6 (4th Cir. 1999) (same).